**Javance Mickey WILSON, Plaintiff–Appellant,**

v.

**A. PANIZZA; et al., Defendants–Appellees.**

**No. 11–17045.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2012.*

Filed Nov. 20, 2012.

Mickey Wilson, San Quentin, CA, pro se.

Kenneth T. Roost, Esquire, AGCA–Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

**MEMORANDUM ***

Javance Mickey Wilson, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that prison officials violated his First Amendment rights when they confiscated a book from his incoming mail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment because Wilson failed to raise a genuine dispute of material fact as

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to whether defendants' actions were not reasonably related to a legitimate correctional goal. *See Turner v. Safley,* 482 U.S. 78, 89–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (setting forth relevant factors in determining whether a regulation that impinges on First Amendment rights is reasonably related to legitimate penological interests); *see also Beard v. Banks,* 548 U.S. 521, 528–30, 126 S.Ct. 2572, 165 L.Ed.2d 697 (2006) (courts should accord prison officials deference when analyzing the constitutional validity of prison regulations).

Wilson's contention that the district court should have requested a copy of the confiscated book to review are unpersuasive.

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.